Good morning, Your Honor. Good morning. This case... Counsel, would you introduce yourself for the record, please? Yes, thank you, Your Honor. Jerry Steering IV, plaintiff and appellant, Rex Newman. Mr. Steering, you may proceed. Thank you very much, Your Honor. Your Honor, this case involves the rather novel issue of whether or not plaintiff's own testimony in a case is evidence that may be considered on a summary judgment motion. Counsel, I may agree with you in the theory of that. Who else is going to testify other than your client? But what do you do with Sloman v. Tadlock, which says that Sloman's own account of the incident of injuries was insufficient to prevent summary judgment? First of all, in Sloman, neither of the police officers were sued for either false arrest or malicious prosecution. Sloman can just as easily be read as standing for the proposition that mere conclusory allegations that a plaintiff's version of an event is inconsistent with a police report doesn't prove or doesn't raise a triable issue as to whether or not the police report misrepresented material facts. The actual quote from Sloman says, Sloman did not and does not point to any evidence of such fabrication other than the fact that the officer's reports were inconsistent with Sloman's own account of the incidents leading to his arrest. Such conclusory allegations of standing alone are insufficient to prevent summary judgment. Now, how about if in this incident, Mr. Newman got knocked on the head or hit his head on the ground and he couldn't remember anything, but there were independent witnesses, five independent witnesses that all watched the whole thing, and they submitted affidavits in opposition to the summary judgment motion in this case. Under Sloman, independent witness testimony is given credibility. We have enough where we have the officer contradicting himself and the officer being impeached. The officer contradicts himself between his probable cause declaration, which is in the record, and his crime report. But the point is that Sloman doesn't stand for any such thing, nor could it stand for any such thing. Because if Sloman stood for that proposition, the court would be putting plaintiffs in a position where if it's just his word against the officer's, that the officer's testimony has evidentiary value, but the plaintiff's doesn't. That's not consistent with the federal rules of evidence, and it's not consistent with Rule 56 of the Federal Civil Procedure. I really think it was a statement that was made in Sloman that was, to some extent, dicta, because the police were not sued for malicious prosecution or for false arrests. But they just say such conclusory allegations. Well, what's a conclusory allegation? And this is the key part of Sloman. What's a conclusory allegation? It's an allegation that just comes to a conclusion that doesn't recite specific facts. And I submit that there were plenty of very specific facts that were submitted by the plaintiff to show that the officer's version was a deliberate misrepresentation that was made in his report, which resulted in his criminal prosecution. I mean, there's no reason why the plaintiff's testimony should be given any less evidentiary value than the testimony of any other witness. We're dealing here just with the malicious prosecution claim. Yes, Your Honor. And, of course, there's a presumption. And the false arrest claim. Well, there's a presumption as defined in the federal rules of evidence is not something that you have to have a particularly high burden on. All the presumption says, Rule 301 in the federal rules of evidence just says, In all civil actions and proceedings not otherwise provided by act of Congress or by these rules, a presumption imposes on a party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party who was originally cast. So if Mr. Newman got knocked in the head when he got thrown to the curb and couldn't remember anything, and there was a bunch of independent witnesses, and they gave a version of the events in an affidavit or by deposition, just like Mr. Newman did, according to this theory, that would carry the day and defeat a summary judgment motion. But if Mr. Newman says it, that's no good. That is the basis for the ruling in this case. Assuming that Sloan win is still good law, and I regret to say I was on the panel on that case, isn't this case distinguishable from Sloan because you did have additional evidence? You had plaintiff's counsel declaration about conversations with prosecutors in reference to plaintiff's deposition. I don't really think that matters, and the reason it doesn't matter is this. In the other cases, really there's four cases that we're really dealing with, Barunda, Barlow, Sloan, and Peterson. In Barlow, which was the gay demonstration case where the person was arrested at a demonstration and was taken in for resisting an officer. In that case, the court of appeal held that given any of these circumstances, they said one, glaring omission in a police report would be sufficient, two, the fact that the only information came from the police reports, three, that the police reports contradicted each other. It says given any of these circumstances, the jury is free to find that the police made misrepresentations of the prosecutor and responsible for any criminal action. The fact that there was a declaration in this case about what happened with the prosecutors doesn't matter. There's no dispute that the only information that was available to the prosecutors at the filing was the police reports. There's no indication that there was any other interference with the prosecutorial function, somebody leaning on the prosecutor in any way? Well, I mean, I think that happens in every case where somebody gets beaten. In any case, there's a natural tendency. We don't have any evidence of that here. In other words, no indication that the officer, in order to protect themselves from lawsuit, is jumping on the prosecutor. No, but in the other case cited by Judge Taylor, the Peterson versus Kansamere, that case doesn't take Sloman and say that the plaintiff's testimony is no good. It doesn't say that at all. Are you suggesting that we simply don't follow Sloman? Is that what you're saying? No, what I'm suggesting is that Sloman doesn't say what some might say it says. A conclusory allegation does not rebut specific factual allegations. In face of a presumption, though, it tells us the minimum that's required to overcome that presumption. You can't stand up, for example, and simply argue, and Sloman says you can't just have the unsupported allegation of the defendant. In face of the presumption, there's a reason for a presumption, right? Well, whatever the reason is, all the plaintiff has to do, or the person opposing the motion has to do, is just show evidence that rebuts the presumption. You don't have to reprove it. You don't have to prove otherwise. You just have to produce evidence, okay, some evidence. This is what 301 stands for. It doesn't have to persuade anybody to believe them, but there has to be some evidence produced. And the evidence here is that the plaintiff contradicted the material statements of fact, not conclusory allegations, that the plaintiff didn't make conclusory allegations. He made specific allegations as to the material issues of fact upon which the prosecutor relied. I've got 30 seconds on the stage. Thank you, counsel. We'll hear from the county. Good morning, Your Honors. My name is David Lawrence. I'm here on behalf of the defendants' appellees. Sloman, I submit, is controlling in this case, but this case is even a stronger case than Sloman, and here's why. In Sloman, one of the other sides submitted declarations of two prosecutors saying that all they did was consider the police reports and that no one interfered with their independent judgment. In the instant case, there is no evidence regarding what the issuing district attorney did. Her name was Kelly McCurchin. She's not been deposed. There's no evidence in the record as to what she did, and my opposing counsel says it's undisputed that all that existed was the police report. Well, that's not true, and I would refer Your Honors to the supplemental excerpts of record beginning at page 391, and what you'll find there is a seven-page single-spaced letter from counsel for the plaintiffs to the prosecutors itemizing all the pieces of evidence that he wants, many of which he already had, including videotapes, audiotapes, things of that nature. So the reason this case is stronger for the defense than Sloman is that there is no evidence as to what the prosecutors did. It's the plaintiff's burden to rebut the presumption that the prosecutor exercised independent judgment, and all that he has submitted is the testimony of the plaintiff and an incompetent declaration of plaintiff's counsel. This summary judgment came at the end of discovery or mid-discovery? It came at the end of discovery. End of discovery. Right. Did he take the deposition of the prosecutor? He did not. He did not, and the record includes a letter that I sent to counsel even after the discovery cutoff date. Even when Judge Taylor decided to address this Sloman-Smitty issue after the first hearing on summary judgment, counsel had not taken that prosecutor's deposition, and I agreed that he could do it even though there was no order to that effect. And I would refer the court to the supplemental excerpts of record 461. He could have taken, I suppose, the deposition of the supervisor, the prosecutor. Did he take the deposition of the other arresting of the other officer who came later on the scene? I don't recall whether – I don't believe either of the individual deputies were deposed. They testified at the criminal proceeding. That's unfair to ask that. That's not in the record. Okay. So in this case, there is nothing – he offered nothing as to what the prosecutor considered. We have the presumption. The presumption is overcome by nothing except the offered testimony of the plaintiff. And Sloman and the other cases on this subject, particularly Burunda and Barlow, they all talk about the sufficiency of the evidence. And that was the argument that we made below, is that there simply was not sufficient evidence offered by the plaintiff to rebut the presumption. Thank you, Counsel. Any further? Nothing further. Mr. Steering, you have one. A few seconds. The reason the deposition of the prosecutors weren't taken is this. Prior to Mr. Lawrence taking over the case, his former junior partner, Shell Harrell, had the case, and I both talked and understood that the only evidence that was submitted to the DA's office was the police reports. Okay? And so we had this gentleman's agreement because we've been dealing with each other for almost 20 years now. Okay? Then Mr. Harrell leaves Mr. Lawrence's office. And after that, that's when all this happens. And so, you know, then I mentioned in my declaration to the court, well, look, if you want me to take depositions of the prosecutors, I will. But we both knew that the only thing that they had when they filed was the crime report. And if this court is willing to allow that ruling to stand, this court is willing to say that if an officer is alone in a room with a man or a woman and beats them and then tries to frame them for a crime, that that person has to go through a criminal proceeding to find out guilty, pay all the money, suffer all the horror of having to go through this, and their testimony is not sufficient to even raise any evidence on a presumption in favor of the prosecutor. Thank you, counsel. Your time has expired. Thank you very much. The case just argued will be submitted for decision, and we will hear argument in United States v. Diaz-Martinez.
judges: Dw Nelson, O'Scannlain